UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DANIEL WAYNE GROGAN,

          Petitioner

    v.

CURVA,

          Respondent.

Case No. 2:20-cv-03483-JAK (GJS)

**ORDER: SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY**

    This 28 U.S.C. § 2254 habeas action commenced on April 15, 2020, when the habeas petition submitted by Petitioner was formally filed [Dkt. 1, the "Petition"]. The Petition challenges a July 2018 Los Angeles County Superior Court conviction suffered by Petitioner following his nolo contendere plea to an attempted robbery with use of a firearm charge.  [Petition at 1.]   The Petition alleges four claims based on allegations that:  the plea agreement underlying Petitioner's conviction has been breached; there have been *Brady* violations; Petitioner's counsel provided ineffective assistance by failing to adequately investigate whether Petitioner's prior State of Washington conviction constituted a "strike"; and the sentencing court lacked jurisdiction to consider Petitioner's post-conviction habeas petition.

    Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily

dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is fully unexhausted[1] and that Petitioner has failed to avail himself of his available options.

On April 16, 2020, United States Magistrate Judge Gail J. Standish issued her Order To Show Cause Re: Unexhausted Petition And Directing Response [Dkt. 4, "OSC"]. The OSC noted Petitioner's allegations that he raised his present habeas claims through proceedings in both the trial court and the California Court of Appeal, but that he had not sought relief in the California Supreme Court and did not have any state proceedings pending at present. The OSC explained the exhaustion requirement for Section 2254 petitions and then advised:

> Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the dockets of the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court available electronically, which show as follows. Following his conviction in Los Angeles County Superior Court Case No. MA070710, Petitioner filed a habeas petition in the trial court on or about December 10 or 12, 2018, which was resolved adversely to him in 2019. Petitioner then filed a habeas petition in the California Court of Appeal (Case No. B301039), which was denied on October 24, 2019. Petitioner did not thereafter seek relief, habeas or otherwise, in the California Supreme Court.
>
> Because Petitioner has not filed a California Supreme Court habeas petition (much less one that has been decided by the state high court), any claims he raised in his California Court of Appeal habeas petition necessarily are not exhausted. As Petitioner has not fairly presented his current federal habeas claims alleged in the Petition to the California Supreme Court, the Petition is fully unexhausted.

---

[1]     The Court may raise exhaustion problems sua sponte and dismiss a petition summarily for lack of exhaustion. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

2

[OSC at 2-3.]

The OSC then clearly explained to Petitioner the two options he has if the Petition is unexhausted, namely, to voluntarily dismiss it without prejudice or to request a stay in this case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). The OSC directed Petitioner take one of three actions, namely, to file a response explaining how his claims are exhausted <u>or</u>, if he concedes that the Petition is unexhausted, to <u>either</u> request a *Rhines* stay and explain why such a stay is warranted <u>or</u> to voluntarily dismiss the case without prejudice.

Petitioner has filed a timely response to the OSC [Dkt. 5, "Response"]. His Response, however, does not take any of the three actions required by the OSC. Instead, Petitioner:  complains that he has been unable to obtain transcript copies from the state courts; attaches a letter from a former attorney advising him to file a state appellate court habeas petition describing his inability to obtain transcripts and his pro per status; and asks that this Court appoint counsel for him to investigate the State of Washington prior conviction and constitutional issues. Petitioner ignores the substance of the OSC and the exhaustion issue entirely, except to assert only that exhaustion of state remedies was "impracticable," because the state courts denied his request for transcripts.

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to the issue presented.  28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust

3

1   his available state remedies before seeking federal habeas relief).

2       To satisfy the exhaustion requirement, a petitioner must "fairly present" his

3   federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and

4   correct violations of the prisoner's federal rights.  *See Duncan v. Henry*, 513 U.S.

5   364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en

6   banc).  A state prisoner seeking relief with respect to a California conviction is

7   required to fairly present his federal claims to the California Supreme Court.  *See*

8   *Baldwin*, 541 U.S. at 29 (a state prisoner must fairly present his claim to a state

9   supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d

10  1240, 1242 (9th Cir. 1998).

11      The record is clear that Petitioner has not raised the four claims alleged in the

12  Petition in the California Supreme Court.  Indeed, he admits his failure to do so.

13  [Petition at 3-8.]  Petitioner's bare assertion that exhaustion would be impractical

14  due to his lack of transcripts is inadequate to establish futility, particularly given that

15  he *was* able to pursue habeas relief in the trial court and the California Court of

16  Appeal notwithstanding his lack of transcripts.  He simply failed to complete the

17  process by then proceeding to the California Supreme Court.  Although Petitioner

18  was expressly advised of the availability of the *Rhines* stay procedure and what he

19  would need to do to request that it be invoked, he ignored that advice.  He has not

20  requested any stay of this action, and on the present record, there is no basis for

21  ordering one on a *sua sponte* basis.

22      Accordingly, the Petition is, and remains, fully unexhausted.  Given that

23  Petitioner has failed to exercise the options provided to him, the Petition is

24  unexhausted and this case must be dismissed without prejudice.  *Rose*, 455 U.S. at

25  522.

26      For the foregoing reasons, it is plain from the face of the Petition that summary

27  dismissal of this action is required by Rule 4, because both the Petition is fully

28  unexhausted.  Accordingly, IT IS ORDERED that:  this action is dismissed, without

4

prejudice, for failure to exhaust available state remedies; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 8, 2020                  _____
                                                    JOHN A. KRONSTADT
                                                    UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE